BIGLER JOBE STOUFFER, II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stouffer v. Commissioner
Docket Nos. 2434-81, 2435-81.
United States Tax Court
T.C. Memo 1982-29; 1982 Tax Ct. Memo LEXIS 718; 43 T.C.M. (CCH) 341; T.C.M. (RIA) 82029; January 20, 1982. Wayne C. Wagner, for the petitioner. Patrick E. McGinnis for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: In these consolidated cases respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Section 6653 (b) [1]
1973 § 6,890.17 § 3,445.09
1974
11,833.32
5,916.91
*719 On Novembre 6, 1981, respondent filed a motion for summary judgment in each of these cases. The motions were heard in Oklahoma City where the cases were scheduled for trial at the session beginning there on November 30, 1981. At that time the petitioner's counsel filed a motion to vacate the Court's Order dated June 17, 1981, deeming admitted the affirmative allegations of fact contained in respondent's answers filed in these cases. Petitioner opposed respondent's motions and respondent opposed the petitioner's motion. The Court took them under advisement. The pertinent facts relating to these cases are set forthe below. On November 7, 1980, respondent sent notices of deficiencies to the petitioner, who was then incarcerated in the Federal Correctional Institution at Seagoville, Texas. On January 12, 1981, the petitioner was released to the Oklahoma Halfway House, Inc., located at 517 S.W. 2d Street and 1111 North Hudson in Oklahoma City. The Oklahoma Halfway House, Inc., is a pre-release center which allows prisoners *720 to work and find employment prior to their release from the custody of the Attorney General. The Federal prisoners at the Oklahoma Halfway House, while supervised by an officer, are allowed to drive automobiles and otherwise conduct their business without personal physical supervision of an officer. On February 9, 1981, separate petitions in these cases were filed on behalf of petitioner by Wayne C. Wagner, his attorney. On March 13, 1981, the respondent filed answers in the cases. Both answers contained detailed, specific, and concise allegations concerning the computation of the deficiencies in Federal income taxes for 1973 and 1974 and the grounds for asserting the additions to tax for fraud contained in section 6653(b). Counsel for respondent telephoned counsel for petitioner on or about April 15, 1981 and April 23, 1981 to advise him that replies to respondent's answers should be filed. No replies were filed. On April 22, 1981, petitioner was released from the Oklahoma Halfway House, Inc. On May 15, 1981, counsel for respondent filed a Motion for Order under Rule 37[2] in each case. A copy of the motion was served upon counsel for petitioner.The Tax Court issued *721 a Notice of Hearing on May 22, 1981, which specifically notified counsel for petitioner that a hearing would be held on June 17, 1981, unless replies were filed on or before June 5, 1981. The Notice of Hearing directed counsel for petitioner to file replies or otherwise respond. As of June 17, 1981, no replies had been filed by counsel for petitioner, nor did he respond or make a personal appearance at the hearing held in Washington, D.C. Therefore, on June 17, 1981, the Court entered an Order deeming admitted all of the affirmative allegations contained in respondent's answers in both cases. Petitioner did not respond to the Order dated June 17, 1981, or request a continuance with respect thereto even though he had been granted a release from the Halfway House in Oklahoma City on April 22, 1981. After respondent's Motions for Summary Judgments were set for hearing on November 30, 1981, no written responses thereto were filed by petitioner or his counsel prior to or at the call of the calendar on November 30, 1981, or since that date. Instead, on November 30, 1981, counsel *722 for petitioner filed in each case a Motion to Vacate Order dated June 17, 1981. The primary ground asserted in each motion was that the petitioner was incarcerated and under the supervision of the United States at the time pleadings were required to be prepared. No other reason or reasons have been or are now advanced by petitioner's counsel to explain, justify, or excuse the consistent prior disregard of the orders issued by this Court on May 22, 1981, June 17, 1981, and November 10, 1981. The limited facts stated in petitioner's Motion to Vacate are incorrect. Petitioner was located in the Oklahoma Halfway House, Inc. from January 12, 1981 until April 22, 1981 and was freely available for consultation. He was released from the custody of the Attorney General on April 22, 1981. Hence it is clear that the petitioner was available for consultation with his attorney when the petitions were filed, when the respondent's answers were filed, when replies should have been filed, and on June 17, 1981, when a hearing on the Rule 37 motions was held in Washington. D.C. Petitioner conscously chose to ignore the Notice of Hearing dated May 22, 1981; he chose not to file any replies; he *723 chose to ignore the Court's correspondence; and he chose to disregard respondent's requests for filing replies under Rule 37. In view of these circumstances we hold that the petitioner has failed to show good and sufficient cause to justify vacating the Court's Order of June 17, 1981. Therefore, petitioner's motions to vacate such order will be denied. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A decision shall thereafter be rendered if the pleadings or admissions show that there is no geunine issue as to any material fact. Rule 142(a) provides that the burden of proof shall be upon the petitioner, except that in any case involving the issue of fraud with intent to evade tax the burden of proof is upon the respondent. See section 7454(a); Rule 142(b). Respondent's answers contain detailed and concise allegations of facts regarding increases to petitioner's gross income and the disallowance of claimed business expenses. All of the underlying facts upon which the respondent has determined that petitioner is liable for the deficiencies in income taxes for the taxable years 1973 and 1974 have been deemed *724 admitted pursuant to the Court's Order of June 17, 1981. [3] Consequently, there are no material issues of fact remaining for the Court to decide with respect to the deficiencies, and judgment on this issue in respondent's favor may be entered as a matter of law. See . As to the additions to tax for fraud, respondent must carry his burden of proof by clear and convincing evidence. . In his answers filed in these cases respondent affirmatively alleged various indicia of fraud, namely, (1) that petitioner substantially understated his taxable income for 1973 and 1974; (2) that he failed to keep adequate books and records; (3) that he made false and misleading statements to respondent's agents; and (4) that he fraudulently used currency to purchase assets and make other expenditures. Specifically, with respect to the year 1974, respondent also alleged that the petitioner was convicted on a plea of quilty under *725 section 7201 for filing a false and fraudulent Federal income tax return. All of these allegations were deemed admitted by the Court's Order of June 17, 1981. Under somewhat similar circumstances this Court sustained additions to tax for fraud under the provisions of section 6653(b) without the submission of evidence of fraud by respondent where the petitioner failed to file a reply to affirmative allegations in respondent's answer after being directed to do so by Court order. [4] See ; see also ; ; cf. , affd, without published opinion ; . *726 Therefore, as to the year 1973, we hold that respondent has proved that a part or all of the underpayment of tax was due to fraud with intent to evade tax. As to the year 1974, the petitioner is collaterally estopped to deny fraud because of the judgment of conviction under section 7201 which was entered in the prior criminal tax case for that year. See ; see also , affd. . Accordingly, respondent's motions for summary judgments will be granted. Appropriate orders and decisions will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. All reference to rules are with respect to the Tax Court Rules of Practice and Procedure.↩
3. All of the facts set forth in the admitted allegations of the pleadings are incorporated herein by reference and are found as facts. See section 7459(b).↩
4. The facts and allegations with respect to fraud, which have been admitted, are contained in respondent's answers and form the basis upon which his motions for summary judgments rest. We think they are sufficient to satisfy respondent's burden of proving fraud by clear and convincing evidence.↩